CLARISSA E. LANDELL, PROSECUTRIX, v. STATE OF NEW JERSEY ET AL., DEFENDANTS.

Submitted February 4, 1925—Decided March 12, 1925.

1. *Pamph. L.* 1923, *p.* 210, as amended by *Pamph. L.* 1924, *p.* 156, providing for a procedure under which the state may condemn the shares of the capital stock of the Morris Canal and Banking Company, is not illegal, although it is different from that provided for in the act (*Pamph. L.* 1922, *p.* 367, § 6), which is the Eminent Domain act. *Pamph. L.* 1900, *p.* 79; 2 *Comp. Stat. of N. J., p.* 2182. Both are statutes of procedure within the control of the legislature regulating the manner of the acquisition by the state of the stock.

2. The acquisition by the state of the shares of the capital stock of the Morris Canal and Banking Company is for a public use, so declared by the statute (*Pamph. L.* 1922, *p.* 367), and it is in pursuance of the reserved right of the state in the canal charter of 1824.

3. The statute satisfies the constitutional requirements of "due process of law," as declared by this court in the case of *Morris v. Heppenheimer,* 54 *N. J. L.* 268.

4. Whether the act (*Pamph. L.* 1924, *p.* 156), which provides that the holders of the stock may be proceeded against separately is or is not unjust is within the sphere of the legislature to determine and not the courts.

On *certiorari.*

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutrix, *Bleakly, Stockwell & Burling.*

For the defendants, *Edward L. Katzenbach,* attorney-general, and *John Milton.*

The opinion of the court was delivered by

BLACK, J. On the 8th day of December, 1924, Mr. Justice Trenchard appointed three commissioners or appraisers to appraise the full market value of the stock owned by the prosecutrix of the Morris Canal and Banking Company. The order was made under the statute. *Pamph. L.* 1923, *p.* 210,

as amended by *Pamph. L.* 1924, *p.* 156. On the same day he allowed a writ of *certiorari* to review the order appointing the appraisers.

The prosecutrix files eight reasons for setting aside the order. She attacks, in the reasons, not only the regularity of the proceedings under the statute, but, also, the constitutionality of the act of the legislature under which the order was made, and that the justice was without power to make the order.

The crux of the argument urged by the prosecutrix is, in effect, that the act (*Pamph. L.* 1922, *p.* 367, § 6), which provides for the acquisition of the stock by the state and the settlement of the claims of the Morris Canal and Banking Company, also provides that condemnation proceedings, if necessary to acquire any shares of the stock of that company, shall be conducted by the attorney-general, at the request of the board of conservation and development under the Eminent Domain act. *Pamph. L.* 1900, *p.* 79; *2 Comp. Stat. of N. J.,* *p.* 2182.

The agreement of the commissioners thereunder appointed, dated November 29th, 1922, also provides for the proceedings "for the condemnation of any stock." The procedure followed in this case was under the act (*Pamph. L.* 1923, *p.* 210), which also provides a procedure for the acquisition of the shares of the capital stock of the Morris Canal and Banking Company. That act is entitled "An act concerning and regulating the acquisition and taking of shares of the capital stock of the Morris Canal and Banking Company by the State of New Jersey, or any agent thereof, providing a procedure and the manner of making compensation therefor."

The argument is that the act of 1922, page 367, is so tied up with the Eminent Domain act, which it recites, that the legislature was powerless to pass the act of 1923, providing for a different method of condemnation. That act is neither an amendment nor a supplement to the act of *Pamph. L.* 1922, *p.* 367, but an entirely separate and independent act. This the prosecutrix urges gives her a fixed or vested right to have the procedure taken under the Eminent Domain act of 1900.

The two acts have several differences, which are now unnecessary to point out.

The argument in answer to this contention is that the act of 1923 is merely a statute of procedure regulating the manner of the acquisition by the state of the stock of the Morris Canal and Banking Company. Whether or not the act of 1923 be entitled an amendment of or a supplement to the act of 1900, page 79, or the act (*Pamph. L.* 1922, *p.* 367) is immaterial. It does not impair any right. It supersedes those acts as a method of procedure in the field of eminent domain, and, hence, so far as its provisions conflict with those of the act, the provisions of the earlier act become inapplicable. Both acts (*Pamph. L.* 1900, *p.* 79, and *Pamph. L.* 1923, *p.* 210) are merely acts of procedure; both relate to the same subject, one is general, applying to all condemnations, while the latter is special, applying only to the exercise of the sovereign power of eminent domain in the designated case. The act of 1922 was not and could not be made permanent on procedure, so as to deprive subsequent legislatures of the right to change its provisions, either generally or specially, for any particular purpose, so long as the substantive rights of the prosecutrix were not impaired.

It is further specifically urged by the prosecutrix that it is difficult to see how the legislature could by a later special act completely nullify the act of 1922 and the agreement made thereunder, in so far as the taking of private property is concerned. The contractional relations of the three parties to the agreement, to wit, the state, the Morris Canal and Banking Company and the Lehigh Valley Railroad Company, are fixed under the terms of the act of 1922, and the agreement made in pursuance thereof, both of which expressly require proceedings to condemn the stock of the company to be taken under the general Eminent Domain act of 1900. The answer to this contention is what has already been said, the acts are purely procedural on this point and nothing more, subject to change, over which the legislature has complete control.

It is next urged, the act (*Pamph. L.* 1924, *p.* 156), which provides that the holders of stock may be proceeded against separately, and that it shall not be necessary to join in any one proceeding any more than one stockholder is unjust; even so, that is a matter within the sphere of the legislature to determine, not the courts. *Douglass* v. *Freeholders of Essex County,* 38 *N. J. L.* 214.

It is next urged the use set up in the statute is not a public use, but strictly private. The state answers by saying the taking is by the state for the use of the state; deemed necessary for the public use of the state are the words of the statute (*Pamph. L.* 1922, *p.* 367), but at the expense of the Lehigh Valley Railroad Company, citing *Black* v. *Delaware, &c., Canal Co.,* 24 *N. J. Eq.* 469, for a definition of what constitutes a public use. The subject is fully discussed in 20 *Corp. Jur.* 549, 552.

And, as stated in the brief for the defendants, the situation briefly is that the State of New Jersey, for its own sovereign purposes, is availing itself of the sovereign right reserved in the charter of the canal company in 1824. The acquisition of the property and the acquirement of the stock are solely in pursuance of that reserved sovereign right in order to acquire the property for the sole purpose of divesting private interests of any rights antagonistic to, or inconsistent with, the sovereign right of the state.

The statute satisfies the constitutional requirement of "due process of law" in the taking of private property for public use, as declared by this court and as illustrated in the case of *Morris* v. *Heppenheimer,* 54 *N. J. L.* 268. The prosecutrix has no constitutional right to have compensation assessed by a jury. *Scudder* v. *Trenton, &c., Falls Co.,* 1 *N. J. Eq.* 694.

This covers all the points that have been argued.

There is nothing urged against the regularity of the procedure under the statute. *Pamph. L.* 1923, *p.* 210, as amended by *Pamph. L.* 1924, *p.* 156. That procedure consists of a notice filed September 23d, 1924; a summons tested August 20th, 1924; a demurrer and answer filed October

31st, 1924; a duly verified petition addressed to Thomas W. Trenchard, a justice of the Supreme Court of New Jersey, filed November 13th, 1924; an order made by Mr. Justice Trenchard, dated November 13th, 1924, returnable on December 8th, 1924, filed November 13th, 1924; order appointing the commissioners or appraisers, dated December 8th, 1924, and the granting of the writ of *certiorari* on the same day. The same points are involved and the same disposition is made of the cases No. 243, *Sefton* v. *State,* and No. 244, *Stern* v. *State.*

The proceedings and order appointing the commissioners are affirmed.